IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JC HARRIS,

    Plaintiff,

vs.

SELENE FINANCE LP,

    Defendant.

No. 2:24-cv-01866

**ANSWER TO COMPLAINT**

Defendant Selene Finance LP ("Selene"), by and through its undersigned counsel, hereby respond to Plaintiff JC Harris's ("Plaintiff") Complaint as follows:

## I.   INTRODUCTION

1.1    Defendant admits that Plaintiff purports to bring this action for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), Washington's Consumer Protection Act ("WCPA"), Washington's Collection Agency Act ("WCAA"), and Washington's Consumer Loan Act ("WCLA"). Defendant denies any remaining allegations in Paragraph 1 of the Complaint, denies that any claims raised by Plaintiff are meritorious, denies that Defendant has caused Plaintiff to suffer any injury, and denies that Plaintiff is entitled to any relief from Defendant whatsoever.

## II.   PARTIES

2.1    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.1.

ANSWER TO COMPLAINT - 1

**KABAT CHAPMAN & OZMER, LLP**
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Tel: (971) 270-1789

2.2   Defendant admits the allegation in Paragraph 2.2 of the Complaint.

### III.   JURISDICTION AND VENUE

3.1   The jurisdictional allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that prior to the removal of this case to this Court, jurisdiction was proper in the Superior Court of the State of Washington for the County of King but states that jurisdiction is now proper in this Court, as set forth in Defendant's Notice of Removal.

3.2   The jurisdictional allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it services a loan secured by property in King County.

### IV.   STATEMENT OF FACTS

4.1   Defendant admits that Plaintiff is the owner of real property located at 21834 12th Ave S, Des Moines, WA 98198 ("Property"). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.1.

4.2   Defendant admits the allegations in Paragraph 4.2 of the Complaint.

4.3   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.3.

4.4   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.4.

4.5   Defendant admits the allegations in Paragraph 4.5.

4.6   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.6.

4.7    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.7.

4.8   The allegations in Paragraph 4.8 reference Court documents to which no response is required.

4.9 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.9.

4.10 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.10.

4.11 Defendant admits the allegations in Paragraph 4.11.

4.12 Defendant denies the allegations in Paragraph 4.12.

4.13 The allegations in Paragraph 4.13 reference Court documents to which no response is required.

4.14 Defendant admits that it sent a mortgage statement to Plaintiff on February 7, 2024 listing the charges described. Defendant denies the remaining allegations in Paragraph 4.14.

4.15 Defendant admits that Plaintiff attached a copy of the February 7, 2024 as Exhibit A to the Complaint. The document attached as Exhibit A speaks for itself. Defendant denies any further allegations in this Paragraph.

4.16 Defendants admits that it received correspondence from Plaintiff dated February 29, 2024. Defendant denies the remaining allegations in Paragraph 4.16.

4.17 Defendant admits that Plaintiff attached the correspondence dated February 29, 2024 as Exhibit B to the Complaint. The document attached as Exhibit B speaks for itself. Defendant denies any further allegations in this Paragraph.

4.18 Defendant admits that it received the February correspondence on or about March 6, 2024.

4.19 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.19.

4.20 Defendant admits that Plaintiff attached a copy of the April 17, 2024 as Exhibit C to the Complaint. The document attached as Exhibit C speaks for itself. Defendant denies any further allegations in this Paragraph.

KABAT CHAPMAN & OZMER, LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Tel: (971) 270-1789

4.21    Defendant admits that the Bankruptcy Court ordered dismissal on May 1, 2024, pursuant to public court records, which speak for themselves.

4.22    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.22 and is therefore denied.

4.23    Defendant admits that it sent the May mortgage statement with the indicated charges. Defendant denies the remaining allegations.

4.24    Defendant admits that Plaintiff attached a copy of the May 7, 2024 as Exhibit D to the Complaint. The document attached as Exhibit D speaks for itself. Defendant denies any further allegations in this Paragraph.

4.25    Defendant admits that it received correspondence from Plaintiff around May 26, 2025. Defendant denies the remaining allegations in paragraph 4.25

4.26    Defendant admits that Plaintiff attached a copy of the May NOE as Exhibit E to the Complaint. The document attached as Exhibit E speaks for itself. Defendant denies any further allegations in this Paragraph.

4.27    Defendant admits that it sent the acknowledgment letter on June 3, 2024. Defendant denies the remaining allegations.

4.28    Defendant admits that Plaintiff attached a copy of the June 3, 2024 letter as Exhibit F to the Complaint. The document attached as Exhibit F speaks for itself. Defendant denies any further allegations in this Paragraph.

4.29    Defendant admits that it sent the June mortgage statement with the indicated charges.

4.30    Defendant admits that Plaintiff attached a copy of the June 7, 2024 statement as Exhibit G to the Complaint. The document attached as Exhibit G speaks for itself. Defendant denies any further allegations in this Paragraph.

4.31    Defendant admits that it sent the July mortgage statement with the indicated charges.

4.32   Defendant admits that Plaintiff attached a copy of the July 8, 2024 statement as Exhibit H to the Complaint. The document attached as Exhibit H speaks for itself. Defendant denies any further allegations in this Paragraph.

4.33   Defendant admits that it sent the August acknowledgment letter.

4.34   Defendant admits that Plaintiff attached a copy of the August 15, 2024 letter as Exhibit I to the Complaint. The document attached as Exhibit I speaks for itself. Defendant denies any further allegations in this Paragraph.

4.35   Defendant denies the allegations in Paragraph 4.35.

4.36   Defendant denies the allegations in Paragraph 4.36.

4.37   Defendant denies the allegations in Paragraph 4.37.

## V.   VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S. §§ 2605(e)

5.1   Defendant admits the allegations in paragraph 5.1.

5.2   Defendant admits that it received correspondences from Plaintiff in February and May of 2024.

5.3   The allegations in Paragraph 5.3 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that RESPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

5.4   The allegations in Paragraph 5.4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that RESPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

5.5   Defendant denies the allegations in Paragraph 5.5 of the Complaint.

5.6   Defendant denies the allegations in Paragraph 5.6 of the Complaint.

5.7   Defendant denies the allegations in Paragraph 5.7 of the Complaint.

5.8   Defendant denies the allegations in Paragraph 5.8 of the Complaint.

5.9   Defendant denies the allegations in Paragraph 5.9 of the Complaint.

KABAT CHAPMAN & OZMER, LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Tel: (971) 270-1789

## VI. VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

6.1     Defendant incorporates by reference in this paragraph its responses to the foregoing paragraphs of the Complaint as if fully stated herein.

6.2     The allegations in Paragraph 5.3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the WCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

6.3     Defendant denies the allegations in Paragraph 6.3 of the Complaint.

    6.3.1  Defendant denies the allegations in Paragraph 6.3.1 of the Complaint.

    6.3.2  Defendant denies the allegations in Paragraph 6.3.2 of the Complaint.

    6.3.3  Defendant denies the allegations in Paragraph 6.3.3 of the Complaint.

6.4     Defendant admits that servicing loans is incorporated in the definition of "trade and commerce."

6.5     Defendant denies the allegations in Paragraph 6.5 of the Complaint.

6.6     Defendant denies the allegations in Paragraph 6.6 of the Complaint.

6.7     Defendant denies the allegations in Paragraph 6.7 of the Complaint.

## VII. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

7.1     Defendant incorporates by reference in this paragraph its responses to the foregoing paragraphs of the Complaint as if fully stated herein.

7.2     The allegations in Paragraph 7.2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that FDCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

7.3     The allegations in Paragraph 7.3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that FDCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

7.4     Defendant denies the allegations in Paragraph 7.4.

7.5     Defendant denies the allegations in Paragraph 7.5.

7.6     Defendant admits that it operates in Washington State as an out-of-state collection agency and uses instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7.7     Defendant denies the allegations in Paragraph 7.7.

7.8     The allegations in Paragraph 7.8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that FDCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

7.9     The allegations in Paragraph 7.9 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that FDCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

7.10    The allegations in Paragraph 7.10 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that FDCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

7.11    Defendant denies the allegations in Paragraph 7.11.

7.12    Defendant denies the allegations in Paragraph 7.12.

7.13    Defendant denies the allegations in Paragraph 7.13.

7.14    Defendant denies the allegations in Paragraph 7.14.

7.15    Defendant denies the allegations in Paragraph 7.15.

7.16    Defendant denies the allegations in Paragraph 7.16.

7.17    Defendant denies the allegations in Paragraph 7.17.

7.18    Defendant denies the allegations in Paragraph 7.18.

7.19    Defendant denies the allegations in Paragraph 7.19.

**VIII.    VIOLATION OF THE COLLECTION AGENCY ACT, RCW 19.16.260 et seq.**
*(Per se Violation of the Consumer Protection Act, RCW 19.86 et seq.)*

8.1     Defendant incorporates by reference in this paragraph its responses to the foregoing paragraphs of the Complaint as if fully stated herein.

8.2     The allegations in Paragraph 8.2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that WCAA speaks for itself, and Defendant denies any allegations inconsistent therewith.

8.3     Defendant denies the allegations in paragraph 8.3.

8.4     Defendant admits the allegations in Paragraph 8.4.

8.5     Defendant denies the allegations in paragraph 8.5.

8.6     The allegations in Paragraph 8.6 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that WCAA speaks for itself, and Defendant denies any allegations inconsistent therewith.

8.7     Defendant denies the allegations in paragraph 8.7.

    8.7.1  Defendant denies the allegations in paragraph 8.7.1

    8.7.2  Defendant denies the allegations in paragraph 8.7.2.

    8.7.3  Defendant denies the allegations in paragraph 8.7.3.

8.8     The allegations in Paragraph 8.8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that WCAA speaks for itself, and Defendant denies any allegations inconsistent therewith.

8.9     Defendant denies the allegations in paragraph 8.9.

    8.9.1  Defendant denies the allegations in paragraph 8.9.1.

    8.9.2  Defendant denies the allegations in paragraph 8.9.2.

    8.9.3  Defendant denies the allegations in paragraph 8.9.3.

8.10    The allegations in Paragraph 8.10 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that WCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

8.11    The allegations in Paragraph 8.11 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that WCAA and WCPA speaks for itself, and Defendant denies any allegations inconsistent therewith.

8.12    The allegations in Paragraph 8.12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that WCAA speaks for itself, and Defendant denies any allegations inconsistent therewith.

8.13    Defendant denies the allegations in paragraph 8.13.

8.14    Defendant denies the allegations in paragraph 8.14.

8.15    Defendant denies the allegations in paragraph 8.15.

## IX.    VIOLATION OF CONSUMER LOAN ACT
*(Per se Violation of the Consumer Protection Act, RCW 19.86 et seq.)*

9.1    Defendant incorporates by reference in this paragraph its responses to the foregoing paragraphs of the Complaint as if fully stated herein.

9.2    Defendant admits the allegations in Paragraph 9.2.

9.3    Defendant admits the allegations in Paragraph 9.3.

9.4    The allegations in Paragraph 9.4 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that Washington law speaks for itself, and Defendant denies any allegations inconsistent therewith.

9.5    The allegations in Paragraph 9.5 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that Washington law speaks for itself, and Defendant denies any allegations inconsistent therewith.

9.6    Defendant denies the allegations in paragraph 9.6.

9.6.1 Defendant denies the allegations in paragraph 9.6.1.

9.6.2 Defendant denies the allegations in paragraph 9.6.2.

9.6.3 Defendant denies the allegations in paragraph 9.6.3.

9.7    The allegations in Paragraph 9.7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that Washington law speaks for itself, and Defendant denies any allegations inconsistent therewith.

9.8    Defendant denies the allegations in paragraph 9.8.

9.9    Defendant denies the allegations in paragraph 9.9.

9.10    Defendant denies the allegations in paragraph 9.10.

### X.    PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief and sub-parts 1-7, Selene hereby denies that Plaintiff is entitled to any relief sought therein.

Any paragraph not expressly denied or responded to above is hereby denied.

### PRAYER FOR RELIEF

WHEREFORE, Selene prays for Judgment as follows:

1.    That Plaintiff takes nothing from Defendant by reason of the Complaint and that judgment be rendered in favor of Defendant;

2.    That Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

3.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 28th day of March, 2025, in Atlanta, Georgia.

Respectfully Submitted,

By: _____
Aaron A. Wagner, WSBA #51905
**KABAT CHAPMAN & OZMER, LLP**
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Tel: (971) 270-1789
Fax: (404) 400-7333
Email: awagner@kcozlaw.com
*Attorney for Defendant,*
*Selene Finance LP*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 28, 2025, a true and correct copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will serve all parties of record.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Aaron A. Wagner, WSBA # 51905
*Attorney for Defendant,*
*Selene Finance LP*

ANSWER TO COMPLAINT - 12

**KABAT CHAPMAN & OZMER, LLP**
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Tel: (971) 270-1789